IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JACOB MEDINA, | § |
| Plaintiff, | § § § |
| v. | §   No.: 3:20-CV-00020 |
| WAL-MART ASSOCIATES, INC. | § § § |
| Defendant. | § |

NOTICE OF REMOVAL

Defendant Wal-Mart Associates, Inc. ("Defendant")[1] files this Notice of Removal removing Cause No. 2019-DCV-4766 from the 120th District Court, El Paso County, Texas to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

I. PROCEDURAL BACKGROUND

1. On December 12, 2019, Plaintiff Jacob Medina ("Plaintiff") filed his "Original Petition" against Defendant in the 120th District Court, El Paso County, Texas styled *Jacob Medina v. Wal-Mart Associates, Inc.*, 2019-DCV-4766. In his Original Petition, Plaintiff alleges discrimination and retaliation in violation of Chapter 21 of the Texas Labor Code.

2. Plaintiff served his Original Petition on Defendant on December 23, 2019. This removal is thus timely filed. True and correct copies of all pleadings served on Defendant are attached hereto.

---

[1] The only correct entity is Wal-Mart Stores Texas, LLC. Wal-Mart Associates, Inc. manages the payment of wages to and employment tax reporting for all United States associates, but does not employ those associates.

1

## II.     DIVERSITY JURISDICTION

### A.     There is Complete Diversity of Citizenship Between Plaintiff and Defendant

3.     The District Courts of the United States have original jurisdiction over this action based on complete diversity between the parties, in that Defendant is now, and at the time the action was filed, diverse in citizenship from Plaintiff. Upon information and belief, Plaintiff is a resident of El Paso County, Texas and a citizen of the State of Texas. *See* Pl.'s Orig. Pet. p. 2, ¶ III. Defendant is a corporation incorporated in Delaware and has its principal place of business in Arkansas.[2] Thus, there is complete diversity of citizenship between Plaintiff and Defendant.

### B.     The Amount In Controversy Requirement Is Met

4.     Where it is "facially apparent" that the claims more likely than not exceed $75,000, exclusive of interest and costs, the amount in controversy requirement of $75,000 for diversity jurisdiction is met. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). In his Original Petition, Plaintiff pleads that he is seeking to recover monetary damages of over $200,000 but not more than $1,000,000.00. Pl.'s Orig. Pet. p. 5, ¶ VIII. Thus, it is apparent from the face of Plaintiff's Original Petition that the amount-in-controversy in this case exceeds $75,000.

5.     Accordingly, because this civil action is wholly between citizens of different states and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to 28 U.S.C. § 1441.

---

[2] Plaintiff's actual employer, Walmart Texas Stores LLC, is also completely diverse from Plaintiff because it is a single-member limited liability company whose sole member is Wal-Mart Real Estate Business Trust whose sole shareholder is Wal-Mart Property Co. Wal-Mart Property Co. is a corporation incorporated in Delaware and has its principal place of business in Arkansas.

### III.   PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

6. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

7. Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Defendant will also promptly file a copy of this Notice of Removal with the Clerk of the 120th District Court, El Paso County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

8. True and correct copies of all process, pleadings, and the orders served upon Defendant in the state court action are being filed with this notice as required by 28 U.S.C. § 1446(a) and attached hereto.

9. Pursuant to 28 U.S.C. § 1446(b), this Notice Removal is filed within thirty (30) days after service of the initial pleading setting forth a removable claim.

ACCORDINGLY, Defendant hereby removes Cause No. 2019-DCV-4766 from the 120th District Court, El Paso County, Texas on this 22nd day of January, 2020.

        Respectfully submitted,

        KEMP SMITH LLP
        P.O. Box 2800
        El Paso, Texas 79999-2800
        915.533.4424
        915.546.5360 (FAX)

By:   */s/ Clara B. Burns*
        CLARA B. BURNS
        State Bar No. 03443600
        cburns@kempsmith.com
        JOSE A. GONZALEZ
        State Bar No. 24067670
        abe.gonzalez@kempsmith.com

        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document was served on the attorney for Plaintiff, Daisy Chaparro, Flores, Tawney & Acosta P.C., 906 N. Mesa St., 2nd Floor, El Paso, Texas 79902 on the 22nd day of January, 2020.

| | |
|---|---|
| ☐ | Regular Mail, Postage Prepaid |
| ☐ | Hand Delivery |
| ☐ | Certified Mail, Return Receipt Requested |
| X | Electronic Transmission: DChaparro@FTAlawfirm.com |
| ☐ | Facsimile Transmission: 915-300-0283 |

        */s/ Jose A. Gonzalez*
        JOSE A. GONZALEZ

1723766v.1 17525/02100