IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JACOB MEDINA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | No.: 3:20-CV-00020-PRM |
| | § | |
| WAL-MART ASSOCIATES, INC. | § | |
| | § | |
| *Defendants*, | § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT OF APRIL 1, 2020

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW JACOB MEDINA (hereinafter referred to as "Plaintiff"), complaining of WAL-MART ASSOCIATES, INC. (hereinafter referred to as "Defendant WAL-MART"), and for a cause of action would respectfully show the Court and/or Jury as follows:

### I.  PARTIES

1. Plaintiff is a resident of El Paso County, Texas. The last three numbers of Plaintiff's driver's license number are 336.

2. Defendant Wal-Mart Associates, Inc. is a Delaware corporation doing business in El Paso County, Texas and has been served with process by serving its registered agent, C T Corporation System through their authorized agent to accept service, Antoinette Williams Sop Intake Associates at 1999 Bryan St., Suite 900, Dallas, Texas 75201 on December 23, 2019.

### II.  JURISDICTION

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship of the parties as described above. This Court also has subject-matter jurisdiction as a federal question is at issue pursuant to 28 U.S.C.§1331.

### III.    VENUE

5.      Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state. Venue is also proper in this district under 42 U.S.C. §2000e-5(f)(3) because the employment records relevant to the alleged unlawful employment practice are maintained and administered in this district.

### IV.    ALLEGATIONS AND STATEMENT OF FACTS

6.      This is an action for damages, including without limitation, actual and liquidated damages and other legal and equitable relief to secure the rights and redress the injuries of Plaintiff under the laws of the United States and State of Texas, based on wrongful actions of Defendant which constitutes unlawful discrimination and/or retaliation against Plaintiff based on disability, in violations of Texas Labor Code Sections §21.001, §21.0021, §21.051, §21.055, §21.056, §21.058, §21.105, and §21.128. (Chapter 21"), as further described below. Plaintiff is an employee as defined in Chapter 21 of the Texas Labor Code.

7.      On or about July 31, 2018, Plaintiff began working for Defendant as a dairy/frozen associate. On or about September 18, 2018, Plaintiff had an on the job injury to his left wrist. Due to this injury, he was put on restrictions at work and needed reasonable accommodations to perform his job. On various occasions, Plaintiff was blamed by managers and coworkers for not receiving their quarterly bonus which is disbursed only if no work place injuries took place that quarter. Further, Plaintiff was taunted by various coworkers about his injury and was also publicly called a "cripple". Plaintiff made numerous complaints to General Manager Steve Glover and Assistant Manager Tiana, but there was never any disciplinary action taken against such employees.

8.      From January 16, 2019 to January 18, 2019, Plaintiff was admitted into the hospital for high blood pressure due to an upsetting conversation he had with Kathy from personnel the previous day. Plaintiff was in contact with management, including Tiana and Melissa during his

hospital stay and was advised he would not be terminated. On January 26, 2019, Plaintiff was terminated allegedly due to absences. Such excuse was nothing more than a pretext for Defendant's true retaliatory and discriminatory termination.

9. The aforementioned acts of Defendant constitute unlawful discrimination and retaliation against Plaintiff in violation of Tex. Labor Code Sects. 21.000, et seq.

## V. SATISFACTION AND EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

10. On or about April 29, 2019, Plaintiff timely filed his charge of discrimination and retaliation based on retaliation and disability discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). On or about September 24, 2019, Plaintiff received a Right to Sue letter from the EEOC. Plaintiff's claims under the Texas Labor Code and the Americans with Disabilities Act of 1990 are timely because Plaintiff has filed suit within ninety (90) days of his receipt of the Right to Sue letter from the EEOC dated September 24, 2019. Plaintiff has complied with and satisfied all administrative requirements for filing this suit.

## VI. CLAIMS FOR DISABILITY DISCRIMINATION AND UNLAWFUL EMPLOYMENT PRACTICES UNDER STATE LAW

11. The aforementioned acts of Defendant, through the acts of its officers, managers, agents, and employees, constitutes unlawful discrimination and a hostile work environment against Plaintiff based on her disability and gender, in violation of Texas Labor Code Sections §21.001, §21.0021, §21.051, §21.055, §21.056, §21.058, §21.105, and §21.128.

## VII. PLAINTIFF'S DAMAGES

12. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following damages:

    a. At the time of his discharge, Plaintiff was an employee of Defendant. After his discharge from the employ of Defendant, Plaintiff has used reasonable diligence to find another comparable job and is still unable to do so.

    b. Plaintiff has lost wages, employment benefits, mental anguish in the past and will continue to suffer mental anguish in the future.

    c. Plaintiff has suffered damage to his credit reputation and will continue to suffer damage to his credit reputation. Plaintiff is entitled to recover these sums as damages.

13. The amount of the Plaintiff's damages are substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including mental anguish in the past and future, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate Plaintiff. Plaintiff also seeks judgment for all other relief to which Plaintiff is entitled. Plaintiff reserves the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

## VIII.   EXEMPLARY DAMAGES

14. Plaintiff would show that Defendant acted with malice. Specifically, Defendant had the specific intent to cause substantial injury to Plaintiff when it engaged in discriminatory employment practices in violation of Texas Labor Code Sections §21.001, §21.0021, §21.051, §21.055, §21.056, §21.058, §21.105, and §21.128. Defendant's actions in discharging Plaintiff from its employ was in willful disregard of the rights of Plaintiff for which Plaintiff is entitled to recover punitive damages.

### IV.  HOSTILE WORK ENVIRONMENT

15. Defendants created a hostile work environment through their discriminatory words and actions towards Plaintiff because of Plaintiff's disability. This conduct was so severe that it altered the terms and conditions of Plaintiff's employment and interfered with Plaintiff's work performance/created an intimidating, hostile, and offensive work environment. *See 42 U.S.C. §2000e-2(a)(1); Vance v. Ball State Univ., 570 U.S. 421, 428 (2013).*

### V.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16. Defendant acted intentionally or recklessly engaging in extreme and outrageous behavior causing Plaintiff sever emotional distress. Plaintiff has suffered mental pain and anguish in the past. Plaintiff will continue to suffer mental pain and anguish in the future.

### IX.  AMOUNT IN CONTROVERSY

17. The amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a).

### X.  ATTORNEY FEES AND COSTS

18. Plaintiff is entitled to an award of attorney fees and costs.

### XI.  JURY DEMAND

19. Plaintiff respectfully requests trial by jury of the issues in this case.

### XII.  CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have the following:

   a. Judgment against Defendants in a sum within the jurisdictional limits of this Court;
   b. Prejudgment and post judgment interest as provided by law;
   c. Exemplary damages against Defendants in an amount to be determined by the trier of fact;
   d. Attorneys fees and costs of suit;
   e. Such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

*/s/ Daisy Chaparro*
**DAISY CHAPARRO**
TX State Bar No.: 24088824
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283
dchaparro@ftalawfirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this **1st** day of **April 2020**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following as well as all others on the CM/ECF service list:

*Clara R. Burns*
*Jose A. Gonzalez*
Kemp Smith, LLP
P.O. Box 2800
El Paso, Texas 79999
Phone: (915) 533-4424
Facsimile: (915) 546-5360
cburns@kempsmith.com
abe.gonzalez@kempsmith.com
*Attorneys for Defendant*

*/s/ Daisy Chaparro*
**DAISY CHAPARRO**